| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**FEIN, SUCH, KAHN & SHEPARD, P.C.**<br>Counsellors at Law<br>7 Century Drive - Suite 201<br>Parsippany, New Jersey 07054<br>(973) 538-9300<br>Attorneys for Secured Creditor<br>CALIBER HOME LOANS, INC.<br>R.A. LEBRON, ESQ.<br>XVER029<br>bankruptcy@feinsuch.com | |
| In Re:<br><br>BRIAN J FRIZZELL and SUSAN E FRIZZELL<br><br> Debtor(s). | Case No.: 19-17472 ABA<br><br>Adv. No.:<br><br>Chapter: 13<br><br>Hearing Date: 6/12/19<br><br>Judge: Hon. Andrew B. Altenburg, Jr.<br><br>**OBJECTION OF CALIBER HOME LOANS, INC. TO CONFIRMATION OF DEBTORS' PLAN** |

I, R.A. LEBRON, ESQ., do hereby certify as follows:

1. I am an attorney at law of the State of New Jersey associated with the law firm of FEIN, SUCH, KAHN & SHEPARD, P.C., attorneys for CALIBER HOME LOANS, INC., ("Secured Creditor" herein), and I am fully familiar with the facts and circumstances of the within matter.

2. Secured Creditor objects to confirmation of Debtors' plan for the reasons which follow:

    (a) Secured Creditor holds the first mortgage on Debtors' residence located at 601 HADDON AVE, ABSECON, NJ

08201. As of the date of the bankruptcy filing, Debtors were in default on the terms of the Note and Mortgage. Total arrears due to Secured Creditor through the plan is estimated at $839.86. Secured Creditor intends to file a proof of claim with the Court.

(b) Part 4.f. of the Debtors' proposed Plan states that the secured claim is unaffected by the plan. However, as of the date of the bankruptcy filing, Debtors were in default on the terms of the Note and Mortgage. Absent a modification by the Debtors to include the correct amount of arrears, this plan cannot be confirmed.

(c) Furthermore, Secured Creditor objects to Debtors' confirmation in that if the Debtors are post-petition delinquent with the Trustee at the time of confirmation and Debtors' case is dismissed, then any excess funds that the Chapter 13 Trustee is holding should be released to the Secured Creditor. Absent the release of any excess funds in the possession of the Trustee, Secured Creditor is substantially harmed as the Debtors have enjoyed the benefit of the automatic stay to the detriment of Secured Creditor. Absent such language in the Order of Confirmation, confirmation of Debtors' plan must be denied.

3. For the reasons stated above, and for any others that the Court deems fit to adopt, Secured Creditor respectfully objects to Debtors' plan and confirmation thereof.

4. I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

**FEIN, SUCH, KAHN & SHEPARD, P.C.**
Attorneys for Secured Creditor

R.A. LEBRON, ESQ.

DATED: April 26, 2019

cc: BRAD J. SADEK - DEBTOR(S)' ATTORNEY
 ISABEL C. BALBOA - TRUSTEE